**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BILLY ROBINSON and DARYL BOLTON, individually and on behalf of others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>LAKE VENTURES LLC dba FRESH THYME MARKET,<br><br>               Defendant. | )<br>)<br>)<br>)   Case No. 1:22-cv-06541<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL**

Defendant Lakes Venture, LLC, dba Fresh Thyme Market ("Fresh Thyme"),[1] hereby

removes this putative class action from the Circuit Court of DuPage County, Illinois, to the United

States District Court for the Northern District of Illinois, Eastern Division. This Court has

jurisdiction under the Class Act Fairness Act ("CAFA") because the purported class size exceeds

100, minimal diversity exists, and the maximum amount in controversy exceeds $5 million. *See* 28

U.S.C. §§ 1441; 1446; 1332(d); 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.    State Court Action**

On October 19, 2022, Plaintiffs Billy Robinson and Daryl Bolton ("Plaintiffs") filed a

putative class action complaint ("Complaint") against Fresh Thyme in the Circuit Court of DuPage

County, Illinois, No. 2022LA000927. Fresh Thyme received a copy of the Complaint and

Summons with a request to waive formal service on October 21, 2022, and executed the waiver of

service on October 26, 2022. (*See* Ex. A, Waiver of Service.)

---

[1] Plaintiffs incorrectly designate Defendant's name as "Lake Ventures LLC dba Fresh Thyme Market." The correct name is "Lakes Venture LLC dba Fresh Thyme Market." Fresh Thyme requests the court to amend its name in the docket to reflect the correct spelling.

Plaintiffs allege that Fresh Thyme violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*., by collecting their "voice templates" or "voiceprints" through Vocollect technology. (Ex. A, Compl. ¶ 21, 64–67.) They attempt to bring four separate claims under BIPA on behalf of themselves and a putative class of Fresh Thyme employees and temporary workers. (*Id.* ¶ 64–67.) First, Plaintiffs allege Fresh Thyme violated BIPA Section 15(b)(3) by "failing to obtain written releases from Plaintiffs and the Class before it collected, used, and stored their biometric identifiers and biometric information." (*Id.* ¶ 64.) Second, Plaintiffs allege Fresh Thyme violated BIPA Section 15(b)(1) by "failing to inform Plaintiffs and the Class in writing that their biometric identifiers were being collected or stored." (*Id*. ¶ 65.) Third, Plaintiffs allege Fresh Thyme violated BIPA Section 15(b)(2) by "failing to inform Plaintiffs and the Class in writing of the specific purpose and length of term for which their biometric identifiers was [sic] being collected stored and used." (*Id*. ¶ 66.) Fourth, Plaintiffs allege Fresh Thyme violated BIPA Section 15(a) by "failing to publicly provide a retention schedule or guideline for permanently destroying its workers' biometric identifiers and biometric information and by failing to comply with such a policy." (*Id*. ¶ 67.) Plaintiffs seek injunctive relief, attorneys' fees and expenses, and statutory damages of $1,000 "for each of Defendant's negligent violations" or $5,000 for each "intentional or reckless violation." *See* 740 ILCS 14/20. (*Id*. ¶ 69.)

Plaintiff defines the putative class as follows:

> All persons, within the applicable statute of limitations, who had their voiceprint or other biometric information collected, captured, received, otherwise obtained, or disclosed by Defendant in Illinois, without their consent, and/or who failed to have their voiceprint or other biometric information timely deleted.

(*Id.* ¶ 50.)[2]

## II.     Removal Is Proper Under CAFA.

This Court has jurisdiction under CAFA because the lawsuit is a purported "class action," (*id.* ¶¶ 50–56), in which (A) the putative class size includes at least 100 persons; (B) minimal diversity exists; and (C) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2), (d)(5)(B) (listing requirements for removal under CAFA); 1446 (permitting removal).

### A.     The Putative Class Includes More Than 100 Members.

To be removable under CAFA, a purported class action must include at least 100 putative members. 28 U.S.C. § 1332(d)(5)(B). Here, removal is appropriate because Plaintiffs allege there are "over 100 workers who fall into the definition of the Class." (Ex. A, Compl. ¶ 53.)

### B.     Minimal Diversity Exists.

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Fresh Thyme is the only named defendant.[3] Plaintiffs are citizens of Illinois. (Ex. A, Compl. ¶ 23.) Fresh Thyme is an LLC, and its members are citizens of Michigan. (Ex. B, Declaration of Lauren Cohen ¶ 4.) *See Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 565 (7th Cir. 2021) (explaining that

---

[2] Fresh Thyme denies that it collects biometric data defined by BIPA, denies that BIPA can be separated into claims, and denies that class treatment is warranted or appropriate. Nevertheless, removal is based on the allegations in the lawsuit, not Fresh Thyme's ultimate response to those allegations. As set forth below, the allegations of this lawsuit satisfy the CAFA jurisdictional threshold.

[3] Honeywell International, Inc.'s ("Honeywell") status as a Respondent in Discovery does not affect the removal analysis because "a respondent in discovery is not a party to a lawsuit." *Allen v. Thorek Hosp.*, 656 N.E.2d 227, 233 (Ill. App. Ct. 1995)). Honeywell's citizenship is irrelevant to the question whether minimal diversity exists here. *Ford v. Mannesmann Dematic Corp.*, No. 00 C 1226, 2000 WL 1469371, at *4 (N.D. Ill. Oct. 2, 2000); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 n.3 (7th Cir. 1996).

diversity jurisdiction for suits against LLCs is determined by the citizenship of the LLC's members). Thus, the parties are minimally diverse.

### C. The Amount in Controversy Exceeds $5,000,000.

For removal, CAFA requires the amount in controversy to "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). To determine whether the amount in controversy is met, "the claims of the individual [purported] class members shall be aggregated." *Id*. § 1332(d)(6).

Plaintiffs seek to represent a Class of persons whose voiceprints were allegedly obtained by Fresh Thyme in Illinois. (Ex. A, Compl. ¶ 51.) They assert four types of alleged BIPA violations and seek statutory damages up to $5,000 for "each" violation per class member. (*Id*. ¶¶ 64–69.) In other words, Plaintiffs are seeking damages of at least $20,000 for each putative class member. During the five-year period preceding the filing of the Complaint, at least 400 people used the Vocollect technology while working for or assigned to Fresh Thyme in Illinois.[4] (See Ex. B, Declaration of Lauren Cohen ¶ 7.) This action would surpass the $5,000,000 threshold with just 251 putative class members. Accordingly, the Complaint readily satisfies the required amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the

---

[4] The Illinois Supreme Court is deciding whether a five-year or one-year statute of limitations applies to BIPA claims. *See Tims v. Black Horse Carriers, Inc.*, 184 N.E.3d 1029 (Table) (Ill. Jan. 26, 2022) (allowing appeal).

stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").[5]

**III.    The procedural requirements for removal have been satisfied.**

This notice is timely. Fresh Thyme received a copy of the Complaint and Summons with a request to waive formal service on October 21, 2022, executed the waiver of service on October 26, 2022, (Ex. A, Waiver of Service), and files this Notice of Removal on November 21, 2022. *See* 28 U.S.C. § 1446(b) (requiring defendant to file notice of removal within 30 days after receipt of initial pleading). This notice includes all records in the state court action. *See id*. § 1446(a). (Ex. A.) Fresh Thyme is today serving a Notice of Filing Notice of Removal on all parties and filing the Notice with the Circuit Court of DuPage County. *Id*. § 1446(d).

Dated:  November 21, 2022                           Respectfully submitted,

                                                                    LAKES VENTURE LLC dba FRESH
                                                                    THYME MARKET.

                                                                    By: _/s/_____

                                                                    Melissa A. Siebert (msiebert@shb.com)
                                                                    Mehgan E.H. Keeley (mkeeley@shb.com)
                                                                    SHOOK, HARDY & BACON L.L.P.
                                                                    111 South Wacker Drive, Suite 4700
                                                                    Chicago, IL 60606
                                                                    Tel:  (312) 704-7700
                                                                    Fax:  (312) 558-1195

                                                                    ***Attorneys for Lakes Venture, LLC, dba***
                                                                    ***Fresh Thyme Market.***

---

[5] Although the amount in controversy could exceed $5,000,000 for removal purposes, Fresh Thyme denies liability and denies that Plaintiff is entitled to any damages or other recovery for these claims. Those issues are not before the Court at this stage.

## CERTIFICATE OF SERVICE

I, Melissa A. Siebert, an attorney, hereby certify that on **November 21, 2022**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in *Robinson, et al. v. Lake Ventures LLC dba Fresh Thyme Market*, Case No. 2022LA000927, in the Circuit Court of DuPage County, addressed as follows:

> Mara Baltabols
> David Fish
> FISH POTTER BOLAÑOS, P.C.
> 200 East Fifth Avenue, Suite 123
> Naperville, IL 60563
> mara@fishlawfirm.com
> dfish@firshlawfirm.com
>
> ***Attorneys for Plaintiff***

                            ___/s/_____
                            Melissa A. Siebert